**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY MCDOWELL,<br><br>                Plaintiff,<br><br>    v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>                Defendants. | Civil Action No. 21-13733 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed with prejudice in its entirety.

**I.    BACKGROUND**

    Plaintiff is a pre-trial detainee currently detained in the Atlantic County Justice Facility. (ECF No. 1 at 3.) In this matter, he seeks to raise civil rights claims against the State of New Jersey and its Governor because he believes New Jersey's adoption of its current bail reform laws made it more difficult for him to secure pre-trial release. (*Id.* at 4.) Plaintiff connects the Governor to his claims solely based on the Governor's advocating for and signing the bail reform bill into law. (*Id.* at 4-5.)

## II.  LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts

"merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

In this matter, Plaintiff seeks to hold the State of New Jersey and its Governor responsible for his inability to achieve pre-trial release under the state's recent bail reform laws. Initially, the Court notes that the State of New Jersey is not a proper defendant in a prisoner civil rights matter, and is any event entitled to absolute Eleventh Amendment Immunity. *See, e.g., Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). The State of New Jersey must therefore be dismissed from this matter with prejudice.

Plaintiff's claims against Governor Murphy, premised solely on his role in advocating for and finally signing the bail reform bill into law, fare no better. Members of state legislatures involved in legislative activity, such as advocating for and voting in favor of proposed bills, are entitled to absolute immunity from suit in a federal civil rights matter. *See, e.g., Gibbs v. Minner*, No. 07-342, 2007 WL 2071749, *3 (D. Del. July 19, 2007) (citing *Tenney v. Brandhove*, 341 U.S. 367, 376-79 (1951)). This legislative immunity also extends to state executive officials, such as the state governor, when they perform quasi-legislative functions, including any "executive function that is an integral step in the legislative process." *Id.* (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54-55 (1998)). Advocating for the passage of and ultimately signing a bill into law are examples of acts which entitle a state governor to absolute legislative immunity. *Id.* As Plaintiff's

claims arise solely out of the governor's decision to sign the bail reform bill into law, Governor Murphy is entitled to absolute immunity, and must be dismissed from this matter with prejudice.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

4